**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

LIBERTY MUTUAL INSURANCE COMPANY,

Plaintiff,

v.

MSC MEDITERRANEAN SHIPPING COMPANY S.A.,

Defendant.

26 CV

**COMPLAINT**

Plaintiff Liberty Mutual Insurance Company (hereinafter collectively referred to as “Plaintiff”), as and for its Complaint against Defendant MSC Mediterranean Shipping Company S.A., alleges, upon knowledge as to its own acts and upon information and belief as to all other matters, as follows:

**JURISDICTION AND VENUE**

1. The following issues concern a contract for the carriage of goods by sea to a port of the United States of America, in foreign trade, governed by the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. § 30701 *et seq.* (note), or, in the alternative, the Harter Act, 46 U.S.C. § 30701 *et seq.*, and thereby come within the jurisdiction of this Court pursuant to 28 U.S.C. § 1331 and are admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. The following issues also concern breach of a maritime contract and thereby come within the jurisdiction of this Court pursuant to 28 U.S.C. § 1333 and are admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

3. The following issues also concern the loss of or damage to goods while being carried by sea from a foreign port to a port of the United States of America and thereby come within the jurisdiction of this Court pursuant to 28 U.S.C. § 1333 and are admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

4. Defendant has consented to jurisdiction in the State of New York by virtue of said Defendant's or its agent's agreement to a contractual choice of forum clause that requires or allows actions against it to be instituted in this Court and/or is subject to jurisdiction in the State of New York by virtue of being a domestic New York business entity formed, organized and existing under the laws of the State of New York and/or having a place of business in the State of New York.

5. Venue is proper in this District as to Defendant because Defendant is subject to personal jurisdiction in this District with respect to this action.

6. Venue is also proper in this District because the subject contract of carriage or other applicable contract contains a choice of forum clause that calls for or allows the jurisdiction of this Court.

## PARTIES

7. At and during all the times hereinafter mentioned, Plaintiff had and now has the legal status and an office and a place of business stated in Schedule A, which is appended hereto and hereby incorporated by reference and made a part hereof.

8. Plaintiff is an insurance company.

9. Plaintiff insured the shipment described in Schedule A.

10. Plaintiff is the duly subrogated insurer and/or the assignee of the shipper, consignees and/or receivers of the shipment described in Schedule A, and/or a person with a proprietary interest in the shipment described in Schedule A, and/or a person owning, holding or entitled to possession of the shipment or the bill of lading or waybill described in Schedule A,

and/or a person who is a "Merchant" as defined in the bill of lading or waybill described in Schedule A, and/or someone acting on behalf of any of the aforementioned persons (collectively referred to herein as the "Merchants") and brings this action on its own behalf and as agent or trustee on behalf of and for the interest of all parties who may be or become interested in said shipment, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

11. At and during all the times hereinafter mentioned, Defendant had and now has the legal status and an office and a place of business stated in Schedule A and was and now is engaged in business as a common carrier of goods by sea for hire and/or as an ocean transportation intermediary.

12. Defendant, at all relevant times, held itself out to be and acted as a common carrier and/or a non-vessel operating common carrier engaged in the carriage of goods to or from a port in the United States of America and/or as an ocean transportation intermediary.

## FACTUAL BACKGROUND

13. On or about the date and at the Place of Receipt and/or the Port of Loading stated in Schedule A, there was tendered by the shipper and delivered to Defendant, as common carrier or otherwise, the shipment described in Schedule A, then being in good order and condition, and Defendant then and there accepted said shipment so tendered and delivered to Defendant, and, in consideration of certain agreed freight charges thereupon paid or agreed to be paid, Defendant agreed to transport and carry said shipment to the Port of Destination and/or Final Destination and/or the Place of Delivery stated in Schedule A, and deliver said shipment, in like good order and condition as when delivered to and received by Defendant, to the consignees named in Schedule A.

14. The shipment described in Schedule A was in good order and condition when delivered to Defendant and when loaded on board the vessel named in Schedule A.

15. Defendant, or its agent, issued a bill of lading or waybill for the shipment described in Schedule A, some of the particulars of which are stated in Schedule A.

16. The bill of lading or waybill issued by or on behalf of Defendant was a clean bill of lading or waybill.

17. A contract of carriage or other contract existed between Defendant and others in connection with the shipment described in Schedule A that the Merchants, and Plaintiff as their subrogee, are parties to, are third-party beneficiaries of or are otherwise entitled to enforce.

18. Such contract of carriage or other applicable contract concerns the carriage of goods by sea from a foreign port to a port of the United States of America.

19. All obligations under the contract of carriage or other applicable contract to be performed on the part of the Merchants were performed, waived or otherwise excused.

20. Among other obligations and duties, Defendant had an obligation and duty to deliver the shipment described in Schedule A in good order and condition to the Port of Destination and/or Final Destination and/or the Place of Delivery stated in Schedule A.

21. The shipment described in Schedule A either was never delivered to the Port of Destination and/or Final Destination and/or the Place of Delivery stated in Schedule A or was not delivered in good order and condition to said Port of Destination and/or Final Destination and/or the Place of Delivery, in violation of Defendant's obligations and duties as a common carrier of goods by sea for hire and/or as a non-vessel operating common carrier and/or as an ocean transportation intermediary, in breach of the contract of carriage or other applicable contract, and/or in breach of Defendant's obligations and duties as a bailee for hire.

22. The Merchants suffered damages because the shipment described in Schedule A either was not delivered or was not delivered in good order and condition.

23. The Merchants submitted a claim to Plaintiff for the loss of and damage to the shipment described in Schedule A.

24. Plaintiff paid the claim submitted to it for the loss of and damage to the shipment described in Schedule A.

25. By virtue of its payment, Plaintiff is equitably and/or contractually subrogated to the rights and claims of the Merchants.

26. Plaintiff has received an assignment of rights of the Merchants regarding the loss of and damage to the shipment described in Schedule A.

27. By reason of the premises, the damages sustained as nearly as the same can now be estimated, no part of which has been paid by Defendant, are in the amount of at least US $43,008.55.

**AS AND FOR A FIRST CAUSE OF ACTION**

28. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "27" of this Complaint with the same force and effect as if more fully set forth herein.

29. The bill of lading, waybill, contract of carriage and shipment described in Schedule A, and other applicable contract are subject to the provisions of COGSA.

30. The shipment described in Schedule A was in good order and condition when delivered to Defendant and the vessel named in Schedule A.

31. The shipment described in Schedule A either was never delivered to the Port of Destination and/or Final Destination and/or the Place of Delivery stated in Schedule A or was not delivered in good order and condition to said Port of Discharge and/or Place of Delivery.

32. Under COGSA, Defendant is liable for the loss of and damage to the shipment described in Schedule A.

33. Plaintiff is entitled to recover the damages suffered because of the loss of and damage to the shipment described in Schedule A.

**AS AND FOR A SECOND CAUSE OF ACTION**

34. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "33" of this Complaint with the same force and effect as if more fully set forth herein.

35. To the extent they are not subject to the provisions of COGSA, Defendant, the bill of lading, waybill, contract of carriage and shipment described in Schedule A, and other applicable contract are subject to the provisions of the Harter Act.

36. The shipment described in Schedule A was in good order and condition when delivered to Defendant and the vessel named in Schedule A.

37. The shipment described in Schedule A either was never delivered to the Port of Destination and/or Final Destination and/or the Place of Delivery stated in Schedule A or was not delivered in good order and condition to said Port of Discharge and/or Place of Delivery.

38. To the extent it is not liable under COGSA, Defendant is liable under the Harter Act for the loss of and damage to the shipment described in Schedule A.

39. Plaintiff is entitled to recover the damages suffered because of the loss of and damage to the shipment described in Schedule A.

**AS AND FOR A THIRD CAUSE OF ACTION**

40. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "39" of this Complaint with the same force and effect as if more fully set forth herein.

41. Defendant breached the contract of carriage or other applicable contract either by failing to deliver the shipment described in Schedule A to the Port of Destination and/or Final

Destination and/or the Place of Delivery stated in Schedule A or by failing to deliver said shipment in good order and condition to said Port of Destination and/or Final Destination and/or the Place of Delivery.

42. Defendant otherwise breached the contract of carriage or other applicable contract.

43. The Merchants suffered damages because of the breach of contract by Defendant.

44. Plaintiff is entitled to recover the damages suffered because of the breach of contract by Defendant.

**AS AND FOR A FOURTH CAUSE OF ACTION**

45. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "44" of this Complaint with the same force and effect as if more fully set forth herein.

46. The shipment described in Schedule A was entrusted to the care, custody and control of Defendant and/or persons for whom Defendant is vicariously liable for delivery to the Port of Discharge and/or the Place of Delivery stated in Schedule A.

47. The shipment described in Schedule A was in good order and condition at the time it was entrusted to Defendant and/or persons for whom Defendant is vicariously liable.

48. The shipment described in Schedule A was in the care, custody and control of Defendant and/or persons for whom Defendant is vicariously liable at the time said shipment was lost or damaged.

49. Defendant and/or persons for whom Defendant is vicariously liable either failed to deliver the shipment described in Schedule A to the Port of Destination and/or Final Destination and/or the Place of Delivery stated in Schedule A or failed to deliver said shipment in good order and condition to said Port of Destination and/or Final Destination and/or the Place of Delivery.

50. Defendant and/or persons for whom Defendant is vicariously liable failed to return the shipment described in Schedule A in good order and condition.

51. The loss of or damage to the shipment described in Schedule A was caused by or resulted from the acts or omissions of Defendant and/or persons for whom Defendant is vicariously liable.

52. The Merchants suffered damages because of the acts or omissions of Defendant and/or persons for whom Defendant is vicariously liable.

53. Plaintiff is entitled to recover the damages suffered because of the loss of and damage to the shipment described in Schedule A.

**WHEREFORE**, Plaintiff prays as follows:

A. For judgment on the First, Second, Third and Fourth Causes of Action in favor of Plaintiff and against Defendant awarding Plaintiff damages in an amount to be determined at trial; and

B. For such other and further relief as the Court deems just and proper under the circumstances, together with the costs and disbursements of this action.

Dated: New York, New York
September 212, 2025

NICOLETTI HORNIG NAMAZI
ECKERT & SHEEHAN
*Attorneys for Plaintiff*

***/s/ Val Wamser***
By: ________________________
Val Wamser
Wall Street Plaza
88 Pine Street, 7th Floor
New York, New York 10005
(212) 220-3830
vwamser@nicolettihornig.com

**SCHEDULE A**

**Plaintiff's Legal Status and Office and Place of Business:**

Plaintiff Liberty Mutual Insurance Company was and is a business entity duly organized and existing under and by virtue of the laws of one of the states of the United States, with an office and place of business at 28 Liberty Street, 3rd Floor, New York, New York 10005.

**Defendant's Legal Status and Office and Place of Business:**

Defendant MSC Mediterranean Shipping Company S.A., was and is a business entity organized and existing by virtue of the laws of a foreign state with an office and place of business located at 420 Fifth Avenue, New York, New York 10018.

**Shipment:**

| | |
|---|---|
| Plaintiff: | Liberty Mutual Insurance Company<br>a/s/o Ampak Company, Inc. |
| Vessel/Voyage: | MSC FLORIANA VI/IU634A |
| Sea Waybill of Lading No.: | MEDUKD401205 |
| Container No: | MSBU2687408 |
| Consignee: | M/S. Ampak Company, Inc. |
| Port of Loading: | Mundra, India |
| Port of Discharge: | New York, USA |
| Date of Issue of Sea Waybill: | September 13, 2025 |
| Description of Goods: | 720 bags of guar gum powder |
| Nature of Loss: | Physical damage |
| Claim amount: | US $43,008.55 |